Rosa WATTS et al., Plaintiffs,

v.

HOUSING AUTHORITY OF the BIRMINGHAM DISTRICT et al., Defendants.

Civ. A. No. 7690.

United States District Court
N. D. Alabama, S. D.
Nov. 30, 1956.

Peter A. Hall, Birmingham, Ala., Thurgood Marshall and Constance Baker Motley, New York City, for plaintiffs.

Spain, Gillon & Young, Birmingham, Ala., for defendants.

LYNNE, Chief Judge.

█ The substituted complaint filed in behalf of plaintiffs purports to present a spurious class action as permitted by the liberal provisions of Rule 23(a), (3), Federal Rules of Civil Procedure, 28 U.S.C.A.

Imprecise averments, commingling allegations of fact and legalistic arguments, have complicated the task of distilling the essence of such complaint in testing its sufficiency as against the motion to dismiss.

It seems clear that the nominal plaintiffs and those whom they claim to represent are divided into two well-defined classes, referred to herein as owners and tenants.

There is one common denominator. All plaintiffs are Negro citizens of the United States, residing on a site within the City of Birmingham, Alabama, which is being cleared and prepared by defendants [1] for the construction and operation of hospital facilities and services. All of them have been, are being, or will be moved out of the affected area.

Federal financial aid for such project was obtained by defendants from the Public Housing Administration under a contract which contained the provisions required by 42 U.S.C.A. § 1455(c).[2]

Defendants manage and control six low-rent public housing projects, constructed and operated by them under contracts with the Public Housing Administration which contain the provisions required by 42 U.S.C.A. §§ 1410 (g)[3] and 1415(8) (c).[4]

1. The defendant, Housing Authority of the Birmingham District, is a public body corporate, an instrumentality of the State of Alabama, established by and acting pursuant to Title 25, Code of Alabama 1940, Chapters 2 and 10. The individual defendants are its chairman, acting members, and its secretary and executive director, respectively.

2. "§ 1455. Requirements for loan-or capital-grant contracts
"Contracts for loans or capital grants shall be made only with a duly authorized local public agency and shall require that—
*　　*　　*　　*　　*　　*
"(c) There be a feasible method for the temporary relocation of families displaced from the urban renewal area, and that there are or are being provided, in the urban renewal area or in other areas not generally less desirable in regard to public utilities and public and commercial facilities and at rents or prices within the financial means of the families displaced from the urban renewal area, decent, safe, and sanitary dwellings equal in number to the number of and available to such displaced families and reasonably accessible to their places of employment."

3. "§ 1410(g). Every contract made pursuant to this chapter for annual contributions for any low-rent housing proj-

ect shall require that the public housing agency, as among low-income families which are eligible applicants for occupancy in dwellings of given sizes and at specified rents, shall extend the following preferences in the selection of tenants:
"First, to families which are to be displaced by any low-rent housing project or by any public slum-clearance, redevelopment or urban renewal project, or through action of a public body or court, either through the enforcement of housing standards or through the demolition, closing, or improvement of dwelling units, or which were so displaced within three years prior to making application to such public housing agency for admission to any low-rent housing: Provided, That as among such projects or actions the public housing agency may from time to time extend a prior preference or preferences: And provided further, That, as among families within any such preference group first preference shall be given to families of disabled veterans whose disability has been determined by the Veterans' Administration to be service-connected, and second preference shall be given to families of deceased veterans and servicemen whose death has been determined by the Veterans' Administration to be service-connected, and third preference

4. See note 4 on page 554.

Owners contend that defendants have breached their contract with the Public Housing Administration by failing or refusing to provide each of them, severally, with other housing accommodations in accordance with the provisions of such contract incorporating the requirements of 42 U.S.C.A. § 1455(c). There is no claim that any one of them is eligible to occupy a low-rent housing project. Their prayers are for a declaratory judgment that defendants are under a duty to each of them to provide for his relocation in housing which meets the contract standards and, by injunction, to restrain defendants from requiring each of them to vacate his present dwelling before offering him such other housing.

Tenants likewise assert the breach by defendants of the Section 1455(c) provisions of the contract. Each of them is eligible for low-rent housing and asserts a preference as to vacancies in the six projects referred to above as required by the Section 1410(g) and Section 1415 (8) (c) provisions of the pertinent contracts. They, too, pray for similar declaratory judgment and injunctive relief. There the parallel ends. An unrelated claim is made by tenants who insist that a strict policy of racial segregation is pursued by defendants with regard to the six low-rent projects in violation of the Fourteenth Amendment. Three of them are reserved for white occupancy, exclusively; three for Negro occupancy, exclusively. An additional prayer for declaratory and injunctive relief to proscribe discrimination solely because of race and color is introduced in their behalf.

■ It is at once apparent that a common relief in behalf of the two distinct classes of plaintiffs is not sought, as required by Rule 23(a) (3), Federal Rules of Civil Procedure. Indeed, it is candidly admitted in the complaint that owner plaintiffs are entitled to only a *part* of the relief which tenant plaintiffs seek. This will not at all do. Moore's Federal Practice, Second Edition, § 23.-10(6), p. 3455 et seq.

■ Moreover, the serious question of constitutional law raised by tenants in their claim of discrimination violative of the Fourteenth Amendment is not common to the owners' complaint. Thus the threshold question of jurisdiction might be decided against the owners because of lack of diversity of citizenship and in favor of tenants because their cause of action arises under the Constitution of the United States.

■ No citation of authorities is required to demonstrate that this complaint must be dismissed; that these plaintiffs who joined together voluntarily may not be put asunder by arbitrary action of the court. Since the foregoing views were announced at the conclusion of oral arguments on the motion to dis-

---

shall be given to families of other veterans and servicemen;

"Second, to families of other veterans and servicemen and as among such families first preference shall be given to families of disabled veterans whose disability has been determined by the Veterans' Administration to be service-connected, and second preference shall be given to families of deceased veterans and servicemen whose death has been determined by the Veterans' Administration to be service-connected."

4. § 1415(8) (c)

"(8) Every contract made pursuant to this chapter for annual contributions for any low-rent housing project initiated after March 1, 1949, shall provide that—

\* \* \* \* \* \*

"(c) in the selection of tenants (I) the public housing agency shall not discriminate against families, otherwise eligible for admission to such housing, because their incomes are derived in whole or in part from public assistance and (II) in initially selecting families for admission to dwellings of given sizes and at specified rents the public housing agency shall (subject to the preferences prescribed in section 1410(g) of this title) give preference to families having the most urgent housing needs, and thereafter, in selecting families for admission to such dwellings, shall give due consideration to the urgency of the families' housing needs; and \* \* \*."

miss the original complaint, which motion was granted, with leave to amend, and since the parties did not decide among themselves which class should go forward with the litigation in the amended or substituted complaint, the court is persuaded that the action should now be dismissed without leave to amend or to file another substituted complaint.